FILED

'11 JAN 12 PM 12:44

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 08cv2210 BEN (06cr1453 T) |
|---|---|
| Plaintiff/Respondent, vs. | ORDER DENYING PETITIONER'S MOTION FOR REDUCTION OF SENTENCE |
| GILBERTO VEJAR-PEREZ, | [Docket No. 22] |
| Defendant/Petitioner. | |

Before this Court is Petitioner Gilberto Vejar-Perez's ("Petitioner's") Motion for Reduction of Sentence under 8 U.S.C. §§ 3582, 3742 ("Motion"), under which Petitioner claims he was sentenced above the statutory maximum and he received an improper enhancement for a prior DUI conviction. For the reasons set forth below, the Motion is **DENIED**.

## RELEVANT BACKGROUND

On June 2, 2006, Petitioner attempted to re-enter the United States illegally. On June 27, 2006, Petitioner pleaded guilty to three counts of illegal entry in violation of 8 U.S.C. § 1325, in exchange for not being prosecuted under 8 U.S.C. § 1326. (Opp., Ex. A, ¶ 2.)

On July 20, 2006, Judge Turrentine of this Court accepted the plea agreement. (Opp., Ex. B.) Immediately thereafter, the Court sentenced Petitioner to 48 months in prison and 1 year of supervised release. (*Id.* at 11:12-25)

On September 27, 2007, Petitioner filed a motion to vacate, set aside or correct his sentence,

1   pursuant to 28 U.S.C. § 2255. (Docket No. 13.) On November 3, 2009, the Court rejected the motion
2   on the grounds that it was untimely and it failed to state a claim for relief under Section 2255. (Docket
3   No. 26.)
4         On November 26, 2008, Petitioner filed the Motion currently before the Court. Respondent
5   filed a Response and Opposition ("Opposition"). (Docket No. 24.) Petitioner did not file a traverse
6   or other responsive pleading.
7         For the reasons set forth below, the Court **DENIES** the Motion.
8                       **DISCUSSION**
9   **I. PETITIONER HAS WAIVED HIS RIGHT TO CHALLENGE HIS SENTENCE**
10  Petitioner's plea agreement includes a waiver stating, in relevant part,
11  
12  > ... [D]efendant waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government...
13  
14  
15  (Opp., Ex. A, ¶ 12.)
16        The Ninth Circuit regularly enforces a knowing and voluntary waiver in criminal cases where
17  the waiver is part of a negotiated guilty plea. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir.
18  2000). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *Id.*
19  at 1068 (citing *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994)). When a waiver is a term
20  of the plea agreement and the defendant states he understands the agreement, he has knowingly and
21  voluntarily waived his right to appeal. *Michlin*, 34 F.3d at 898-99.
22        The plea agreement's language in this case clearly embraces a waiver of any collateral attack
23  on the imposed sentence, including a Section 3582 and 3742 motion. *See United States v. Schuman*,
24  127 F.3d 815, 817 (9th Cir. 1997) (per curiam). The record reflects that Petitioner's waiver was also
25  knowing and voluntary, as evidenced by his initials on each page and at the end of the agreement.
26  Additionally, at the July 20, 2006 hearing, Petitioner acknowledged he had waived his right to appeal
27  or to otherwise collaterally attack his sentence and that his waiver was made of his "own free will."
28  (Opp., Ex. B at 6:2-23.) The Court found that there was a factual basis supporting the plea, that

1  Petitioner understood the nature and elements of the charge and the terms of the plea agreement, and
2  that the plea was made freely and voluntarily. (Opp., Ex. B at 7:23-8:2.) As the record demonstrates
3  that Petitioner's waiver was made knowingly and voluntarily, the Court finds that the waiver is valid.
4      The exceptions to waiver set forth in the plea agreement do not apply. Those exceptions
5  include where the Court imposes a sentence greater than the high end of the range recommended by
6  the Government or the statutory mandatory minimum. (Opp., Ex. A , ¶ 12.) The record shows that,
7  pursuant to the plea agreement, the Government recommended a 48-month prison term (Opp., Ex. B
8  at 6:10-15), and there was no statutory mandatory minimum (*see* 8 U.S.C. § 1325(a)). On July 20,
9  2006, the Court imposed a sentence of 48 months. (Opp., Ex. B at 11:12-25.) Therefore, the Court's
10 sentence did not exceed the high end of the sentencing range recommended by the Government nor
11 did it exceed the statutory mandatory minimum. Thus, the exceptions to Petitioner's waiver do not
12 apply.
13     In light of the above, the Court finds that, pursuant to the plea agreement, the relief requested
14 by the Motion has been waived.
15 **II. PETITIONER'S MOTION LACKS MERIT**
16     Notwithstanding the above, the Court finds that Petitioner's Motion lacks merit.
17     Petitioner argues that the maximum prison term he could have received was 24 months. (Pet.,
18 2.) As clearly outlined in the plea agreement, discussed at the July 20, 2006 hearing, and confirmed
19 in 8 U.S.C. § 1325, however, Petitioner faced a maximum prison term of 54 months. (Opp., Ex. A,
20 ¶ 2 and Ex. B, 3:7-25.)
21     Petitioner also argues that he received an improper enhancement based on a prior DUI
22 conviction. However, the record is void of any reference to such conviction and it appears from the
23 July 20, 2006 transcript that such conviction, if it exists, was never raised or taken into consideration.
24 The only prior conviction suggested by the record is a prior aggravated felony conviction for Force
25 With a Deadly Weapon; Not a Firearm: Greater Bodily Injury Likely, in violation of California Penal
26 Code § 245(a)(1) and (2). (Opp., Ex. A, ¶ 4(b).) However, pursuant to the plea agreement, Petitioner's
27 sentence was not enhanced for this prior conviction.
28     Accordingly, notwithstanding Petitioner's waiver, the Court finds that Petitioner's Motion

1 | lacks merit.

## CONCLUSION

In light of the above, the Court **DENIES** Petitioner's Motion for Reduction of Sentence (Docket No. 22).

**IT IS SO ORDERED.**

DATED: January 12, 2011

Honorable Roger T. Benitez
United States District Court Judge